UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| WILO USA, LLC, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 12-cv-08088 |
| v. | ) |
| | ) Judge John W. Darrah |
| DESERT BOILERS & CONTROLS, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Wilo USA, LLC ("Wilo"), has brought this action against Defendant, Desert Boilers & Controls, Inc. ("Desert Boilers"), alleging Desert Boilers owes and has failed to pay for goods it received and accepted from Wilo. Wilo asserts two counts: action for the price of accepted goods pursuant to Uniform Commercial Code § 2-709 ("Count I") and, in the alternative, liability for an undisclosed principal ("Count II"). In response, Desert Boilers has filed a Counterclaim against Wilo, asserting that Wilo has violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq*. Desert Boilers alleges that Wilo schemed to defraud Desert Boilers by baiting Desert Boilers to form a separate entity, "West Coast Energy," so that Wilo could dump its unusable inventory and get Desert Boilers to pay for it.

Wilo has moved to dismiss this Counterclaim pursuant the Federal Rules of Civil Procedure 12(b)(6), arguing that Desert Boilers does not have standing and that Desert Boilers has failed to plead its fraud claim with particularity.

**BACKGROUND**

The following facts are taken from Desert Boiler's Counterclaim and are accepted as true for purposes of the Motion. Wilo manufactures and supplies water pumps for residential and industrial use. Desert Boilers sells, installs, services and repairs boilers for use in various types of facilities. (Countercl. ¶ 1.) Desert Boilers and Wilo began doing business together in March 2010. (*Id.* ¶ 2.) Over the next year, Desert Boilers purchased and paid for certain water pumps from Wilo and carried an account with Wilo with a credit limit of $5,000. (*Id.* ¶¶ 1-2.)

In early 2011, Wilo approached Desert Boilers to determine if Desert Boilers was interested in becoming a manufacturer's representative to supply Wilo products in Nevada and Southern California. (*Id.* ¶ 8.) Desert Boilers declined Wilo's offer because Desert Boilers was already acting as a representative for a different manufacturer. (*Id.*)

According to Desert Boilers, the parties then agreed that Desert Boilers would form a separate entity to contract with Wilo. As a result, West Coast Energy Products, LLC and West Coast Energy Products Nevada, LLC (collectively, "WCE") were formed to act as Wilo's representative on the West Coast. (*Id.* ¶¶ 10, 14.) Wilo drafted several versions of a proposed Manufacturer's Representative Agreement (the "MRA"), which WCE rejected because the drafts identified Desert Boilers as a party. On November 4, 2011, Wilo and WCE executed the fourth and final draft of the MRA, which does not mention Desert Boilers. (*Id.* ¶¶ 12-17; Exh. D.) The MRA provides that WCE was not purchasing Wilo's products for its own account but would sell the products on consignment. (*Id.* ¶¶ 16-18.)

During the time that the terms of the MRA were being negotiated, Wilo began shipping its products to WCE and invoicing WCE. (*Id.* ¶ 19.) WCE paid for the inventory that it sold, in accordance with the MRA. However, in April 2012, Wilo began demanding that Desert Boilers

pay Wilo for the inventory stock that had been shipped but not yet sold. (*Id.* ¶¶ 24-25.) By this point, Wilo had unilaterally shipped over $500,000 of its inventory to WCE, much of which was obsolete, stale and nonconforming. (*Id.* ¶¶ 26-27.) Wilo filed this action, alleging that Desert Boilers agreed to purchase the inventory and demanding payment in the amount of $453,809.57.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint or counterclaim must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When ruling on a motion to dismiss, the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Tamayo*, 526 F.3d at 1081.

## ANALYSIS

Wilo contends that Desert Boilers lacks standing to bring its Counterclaim because it does not qualify as a "person" under the Illinois Consumer Fraud and Deceptive Business Practices Act (the "Consumer Fraud Act"), 815 ILCS 505/1 *et seq.* Wilo argues that the Consumer Fraud Act protects "consumers" and that it is not meant to protect businesses that "resell" products, like Desert Boilers. Wilo further argues that its alleged actions were directed at Desert Boilers, not the market generally, and that Wilo's alleged actions do not raise consumer protection concerns. Desert Boilers responds that there are not allegations in its Counterclaim

3

that Desert Boilers resold or intended to resell Wilo's products. Rather, Desert Boilers contends that WCE, not Desert Boilers, purchased the product inventory at issue from Wilo.

The purpose of the Consumer Fraud Act is to "protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960 (Ill. 2002). Courts have held that two types of persons can state claims under the Act: "'consumers' and persons who, although non-consumers, have suffered damages resulting from conduct that is either directed toward the market or otherwise implicates consumer protection concerns." *MacNeil Auto Products, Ltd. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 792 (N.D. Ill. 2010) (citing *Athey Prods. Corp. v. Harris Bank Roselle*, 89 F.3d 430, 436-37 (7th Cir. 1996)). The Act defines consumer as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e). Accordingly, businesses that resell the products at issue are not consumers under the Act. *Williams Elecs. Games, Inc. v. Garrity*, 366 F.3d 569, 579 (7th Cir. 2004).

In its Counterclaim, Desert Boilers describes its business as "selling, installing, servicing, maintaining, and repairing boilers for commercial . . . facilities." Although Desert Boilers argues in its response brief that it purchases goods for its "own" use, Desert Boilers has not made any allegations in its Counterclaim that it purchased or contracted for the purchase of Wilo's goods at issue for its own use. *See Williams Elecs. Games Inc.*, 366 F.3d at 579 ("the business purchaser is not a consumer, because his only use of the purchased product is as an input into the making of a product that he sells, in contrast to the individual who consumes a six-pack of beer for pleasure or nutrition rather than incorporating the beer into a product (his beer belly is not for sale).").

4

Indeed, integral to Desert Boiler's counterclaim is its claim that it did *not* agree to purchase Wilo's inventory at issue; rather, Desert Boiler contends that it was WCE that purchased and received the inventory for the purpose of reselling it. *See, e.g., Thrasher-Lyon v. Illinois Farmers Ins. Co.*, 861 F. Supp. 2d 898, 911 (N.D. Ill. 2012) (plaintiff was not a consumer where she had not alleged that she had purchased or contracted for the goods from defendants). As such, Desert Boilers is not a consumer under the Act.

In *Thrasher-Lyon*, 861 F. Supp. 2d at 911-12, the district court discussed the "consumer nexus test," under which non-consumers can have standing to pursue a claim under the Act. Under this test, a non-consumer has standing under the Act where the defendant's alleged conduct "involves trade practices addressed to the market generally or otherwise implicates consumer protection concerns." *Id*. at 912 (quoting *Bank One Milwaukee v. Sanchez*, 783 N.E.2d 217, 221 (Ill. App. Ct. 2003)); *see also MacNeil Auto Products, Ltd.*, 715 F. Supp. 2d at 792. A non-consumer sufficiently establishes consumer protection concerns where it alleges: "(1) that [its] actions were akin to a consumer's actions to establish a link between [it] and consumers; (2) how defendant's representations . . . concerned consumers other than [plaintiff]; (3) how defendant's particular [action] involved consumer protection concerns; and (4) how the requested relief would serve the interests of consumers." *Thrasher-Lyon*, 861 F. Supp. 2d at 912 (internal citations omitted); *see also Brody v. Finch Univ. of Health Sciences/The Chicago Medical School*, 698 N.E.2d 257, 269 (Ill. App. Ct. 1998).

Here, Desert Boilers has not alleged Wilo engaged in any conduct that was addressed to the market generally. "Conduct directed only at the non-consumer plaintiff is not directed towards the market generally." *MacNeil Auto Products, Ltd.*, 715 F. Supp. 2d at 792. Desert Boilers alleges that it has suffered damages because it has had to: store the inventory

5

shipped by Wilo; cannibalize existing inventory; and has incurred costs associated with defending the lawsuit. (Countercl. ¶¶ 40-41.) These types of allegations do not establish trade practices that are directed at the market generally. Likewise, Desert Boilers has not established that Wilo has engaged in conduct that implicates consumer protection concerns. Desert Boilers's Counterclaim contains no allegations that Wilo's conduct concerns other consumers or otherwise involves consumer protection concerns. *Thrasher-Lyon*, 861 F. Supp. 2d at 912. Accordingly, Desert Boilers does not have standing as a non-consumer under the Act.[1]

Desert Boilers has not set forth sufficient allegations demonstrating that it has standing to pursue its claim under the Act; and, therefore, Desert Boiler's Counterclaim is dismissed.

## CONCLUSION

For the foregoing reasons, Wilo's Motion to Dismiss Desert Boilers's Counterclaim [78] is granted. The Counterclaim is dismissed without prejudice and with leave to amend, provided Desert Boilers is able to file an amended counterclaim, consistent with this Opinion and Federal Rule of Civil Procedure 11, within thirty days of this Order.

Date: 8/22/2014

JOHN W. DARRAH
United States District Court Judge

---

[1] Because Desert Boilers does not have standing under the Act, it is unnecessary to address Wilo's other argument for dismissal that Desert Boilers has failed to plead its fraud claim with particularity.